UNITED STATES of America,
Plaintiff-Appellee,

v.

Edwin W. EDWARDS, et al.,
Defendants-Appellees,

v.

Russell E. WISE, Intervenor-Appellant.

No. 85–3585.

United States Court of Appeals,
Fifth Circuit.

March 31, 1986.

---

Richard B. Stricks, Dan Rosen, Asst. Prof. of Law, Loyola University, School of Law, New Orleans, La., for appellant.

John Volz, U.S. Atty., New Orleans, La., Joseph LaSage, Shreveport, La., Richard T. Simmons, Jr., Metairie, La., Michael Fawer, New Orleans, La., Lewis O. Unglesby, Camille Gravel, Jr., Baton Rouge, La., James F. Neal, Nashville, Tenn., John Martzell, New Orleans, La., Risley Triche, Napoleonville, La., William Jeffress, Washington, D.C., Dennis R. Bagneris, New Orleans, La., Thomas Rutter, Lafayette, La., C. Michael Hill, New Orleans, La., for appellees.

Before WISDOM, REAVLEY and JOHNSON, Circuit Judges.

PER CURIAM:

This expedited appeal challenges the constitutionality under the First Amendment of federal rules which prohibit televising, broadcasting, recording, and photographing proceedings in federal criminal trials. Based on our conclusion that the challenged rules do not violate the First Amendment, we affirm the district court's decision denying appellant-intervenor Russell Wise's application to broadcast the trial of Louisiana Governor Edwin W. Edwards.

## I.

Russell Wise is a journalist covering the federal fraud and racketeering trial of Louisiana Governor Edwin W. Edwards. After obtaining media commitments to broadcast the Edwards trial,[1] Wise filed a motion to intervene. In this motion, Wise applied to the district court for an order permitting him to telecast, broadcast, and record all trial proceedings. The district court denied Wise's application citing Rule 53 of the Federal Rules of Criminal Procedure. Rule 53 provides that:

> The taking of photographs in the court room during the progress of judicial proceedings or radio broadcasting of judicial proceedings from the court room shall not be permitted by the court.

Similarly, Local Rule 13.11 of the United States District Court for the Eastern District of Louisiana provides that:

> The taking of photographs in the court room or its environs or radio or television broadcasting from the court room or its environs, during the progress of or in

---

1. Edwards' first trial resulted in a hung jury. Edwards' second trial is scheduled to begin on March 24, 1986.

connection with judicial proceedings ... is prohibited.[2]

Wise appeals from the district court's decision.[3] On appeal, Wise contends that the First Amendment guaranteed right of public access to criminal trials requires that the media be permitted to televise or otherwise broadcast the Edwards trial. Thus, Wise urges this Court to declare unconstitutional the per se prohibition of broadcasting judicial proceedings contained in both Rule 53 and Local Rule 13.11. We decline Wise's invitation to do so.

## II.

The Supreme Court has interpreted the First Amendment to guarantee the press and public a right of access to criminal trials. *See Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982); *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980). While these cases establish that the press has a right of access to observe criminal trials, just as members of the public have such a right, the right of access therein was a right to attend, listen and report. No case suggests that this right of access includes a right to televise, record, or otherwise broadcast trials.

To the contrary, the Supreme Court has indicated that the First Amendment does not guarantee a positive right to televise or broadcast criminal trials. In *Estes v. Texas*, 381 U.S. 532, 588, 85 S.Ct. 1628, 1662, 14 L.Ed.2d 543 (1965) (Harlan, J., concurring), Justice Harlan, in casting the deciding vote,[4] flatly stated in his concurrence that "[n]o constitutional provision guarantees a right to televise trials." According to Justice Harlan, although credible policy arguments could be made in favor of televising trials, such arguments were not of constitutional proportions. Justice Harlan reasoned that:

> Once beyond the confines of the courthouse, a news-gathering agency may publicize, within wide limits, what its representatives have heard and seen in the courtroom. But the line is drawn at the courthouse door; and within, a reporter's constitutional rights are no greater than those of any other member of the public.

381 U.S. at 589, 85 S.Ct. at 1663.[5] Justice Harlan's reasoning has been subsequently reaffirmed by a majority of the Supreme Court. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 610–11, 98 S.Ct. 1306, 1318, 55 L.Ed.2d 570 (1978) ("In the first place, ... there is no constitutional

2. We further note that Canon 3 A(7) of the Code of Judicial Conduct for United States Judges provides that:
 A judge should prohibit broadcasting, televising, recording, or taking photographs in the courtroom and areas immediately adjacent thereto during sessions of court or recesses between sessions except that a judge may authorize:
 (a) the use of electronic or photographic means for the presentation of evidence, or for the perpetuation of a record; and
 (b) the broadcasting, televising, recording, or photographing of investitive, ceremonial, or naturalization proceedings.

3. This Court has jurisdiction to review the district court's decision at this time. *See Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

4. For a discussion of the significance of Justice Harlan's concurrence in *Estes*, see *Chandler v. Florida*, 449 U.S. 560, 571–73 & n. 8, 101 S.Ct. 802, 808–09 & n. 8, 66 L.Ed.2d 740 (1981).

5. In *Estes*, the Supreme Court directly faced only the question of whether televising the trial in that case violated due process. Nevertheless, a majority of the Court's members addressed the media's right to telecast as relevant to determining whether due process required excluding cameras from the courtroom. In addition to Justice Harlan's concurrence, Justice Clark's plurality opinion also indicated that the First Amendment did not extend a right to the news media to televise from the courtroom. 381 U.S. at 539, 85 S.Ct. at 1631. Similarly, Chief Justice Warren's concurrence, joined by Justices Douglas and Goldberg, stated that "[n]or does the exclusion of television cameras from the courtroom in any way impinge upon the freedoms of speech and the press.... So long as the television industry, like the other communications media, is free to send representatives to trials and to report on those trials to its viewers, there is no abridgement of the freedom of press." 381 U.S. at 584–85, 85 S.Ct. at 1654.

right to have [live witness] testimony recorded and broadcast.").

Wise's reliance on *Chandler v. Florida,* 449 U.S. 560, 101 S.Ct. 802, 66 L.Ed.2d 740 (1981), is misplaced. In *Chandler,* the Supreme Court held that television coverage of a criminal trial is not inherently unconstitutional. In particular, the Court held that television coverage does not necessarily violate a defendant's due process rights. Holding that television coverage is not always constitutionally prohibited, however, is a far cry from suggesting that television coverage is ever constitutionally mandated. As Justice White stated in concurring in the Court's judgment: "[n]or does the decision today, as I understand it, suggest that any State is any less free than it was to avoid [the risk of an unfair trial] by not permitting a trial to be televised over the objection of the defendant or by forbidding cameras in its courtrooms in any criminal case." 449 U.S. at 590, 101 S.Ct. at 817.

### III.

██ Given the Supreme Court's indication that the First Amendment right of access to criminal trials does not extend to include a right to broadcast such trials, Wise's First Amendment challenge to Rule 53 and Local Rule 13.11 must fail. *See also Westmoreland v. Columbia Broadcasting System, Inc.,* 752 F.2d 16, 24 (2d Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 3478, 87 L.Ed.2d 614 (1985) ("the public interest in television access to the courtroom does not now lie within the First Amendment."). Accordingly, the decision of the district court denying Wise's application to broadcast the Edwards trial is

AFFIRMED.