**Mike CONWAY, Judy Thompson, and Ted Schwartz, Intervenor Applicants–Appellants,**

v.

**UNITED STATES of America, Plaintiff–Appellee,**

**Jackie Presser, Harold Friedman, and Anthony Hughes, Defendants–Appellees.**

**No. 88–3074.**

United States Court of Appeals, Sixth Circuit.

Argued June 17, 1988.

Decided July 20, 1988.

188

Stephen W. Gard, argued, Robert S. Catz, Cleveland, Ohio, for intervenor applicants-appellants.

Stephen H. Jigger, argued, Bernard A. Smith, Office of the U.S. Dept. of Justice, Strike Force, Cleveland, Ohio, for U.S.

John Climaco, Cleveland, Ohio, Paul S. Lefkowitz, Roger Synenberg, for Jackie Presser.

Paul J. Cambria, Jr., Lipsitz, Green, Fahringer, Roll, Schuller & James, Buffalo, N.Y., for Harold Friedman.

Michael L. Climaco, argued, Thomas Wilson, Cleveland, Ohio, for Anthony Hughes.

Before LIVELY and JONES, Circuit Judges; and PECK, Senior Circuit Judge.

PER CURIAM.

This is an appeal by professional broadcast journalists from an order of the district court denying their motion as intervenors in the criminal prosecution of Jackie Presser and others for permission to telecast, broadcast and photograph the trial which is scheduled to begin in July 1988. This court granted an expedited appeal, and oral arguments were presented to the panel on Friday June 17, 1988.

The district court denied the motion in reliance on Rule 53 of the Federal Rules of Criminal Procedure and Rule 11.01 of the local rules of the district court. The intervenors-appellants argued in the district court and in this court that the two rules, which absolutely prohibit the broadcasting, telecasting and photographing of judicial proceedings, violate the First Amendment. The question is whether this prohibition impermissibly infringes on the right of access to judicial proceedings guaranteed by the First Amendment. See *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980).

As counsel for the appellants conceded at oral argument, the rules do not deny professional broadcast journalists and photographers access to the court room where the trial will be conducted. What appellants argue is that the rules place restrictions on that right of access which do not satisfy the requirement that such regulations be reasonable as to time, place and manner.

The very issue presented in this appeal has been decided by at least three federal circuit courts of appeals, and in each instance the constitutionality of Rule 53 has been upheld.[1] See *United States v. Hastings*, 695 F.2d 1278 (11th Cir.), *cert. denied sub nom. Post–Newsweek Stations, Florida, Inc. v. United States*, 461 U.S. 931, 103 S.Ct. 2094, 77 L.Ed.2d 303 (1983); *United States v. Kerley*, 753 F.2d 617 (7th Cir.1985); *United States v. Edwards*, 785 F.2d 1293 (5th Cir.1986). We agree with these rulings. In a different context, this court recently dealt with the right of access in *United States v. Beckham*, 789 F.2d 401, 406 (6th Cir.1986) (media's right of access consists of "a right to be present" and the "rights to speak and to publish concerning what takes place at a trial," quoting *Richmond Newspapers*, 448 U.S. at 576–78, 100 S.Ct. at 2827–28).

The fact that the Supreme Court held in *Chandler v. Florida*, 449 U.S. 560, 101 S.Ct. 802, 66 L.Ed.2d 740 (1981), that the Constitution does not require a prohibition against broadcasting, telecasting and photographing criminal trials is a far cry from holding that the Constitution does re-

---

**1.** Since the local rule contains the same absolute prohibition as Rule 53, we need not discuss it separately.

quire that these activities be permitted during judicial proceedings.

The judgment of the district court is affirmed.