THE STATE EX REL. DISPATCH PRINTING COMPANY *v.* GEER, JUDGE.

[Cite as *State ex rel. Dispatch Printing Co. v. Geer,* 114 Ohio St.3d 511, 2007-Ohio-4643.]

(No. 2007–0323—Submitted May 1, 2007—Decided September 26, 2007.)

_____

LANZINGER, J.

{¶ 1} This is an original action for a writ of prohibition to prevent a juvenile court judge from enforcing an order forbidding the media from photographing the face of an alleged delinquent and from entering any further proceedings unless and until all notice, evidentiary-hearing, and finding requirements are satisfied. Because Sup.R. 12(A) requires judges to permit the taking of photographs in court proceedings that are open to the public as provided by law, and the juvenile court did not hear evidence and argument and make the requisite findings in accordance with the applicable law before preventing photographs of the alleged juvenile delinquent's face, we grant the writ.

{¶ 2} Relator, the Dispatch Printing Company ("Dispatch"), publishes the Columbus Dispatch, a daily central Ohio newspaper. In September 2006, the Dispatch learned of the arrests of three juveniles charged with delinquency counts of aggravated murder and aggravated robbery related to the death of

Terry Ward. The Franklin County Court of Common Pleas, Juvenile Division, scheduled a plea hearing for one of the juveniles, Elijah Nichols, who was 15 years old at that time, for the morning of February 16, 2007.

{¶ 3} On February 15, upon learning of the plea hearing and in accordance with Sup.R. 12(A) and Loc.R. 9(1) of the Franklin County Court of Common Pleas, Juvenile Division, the Dispatch filed a written request with respondent, Judge Christopher J. Geer of the juvenile court, to photograph the proceedings in the case.

{¶ 4} On February 16, at the beginning of the plea hearing, the judge asked whether anyone objected to the Dispatch's presence at the hearing. The parents of the alleged juvenile delinquent objected to any photographs of the juvenile. In response to the Dispatch's request and the parents' objection, the judge issued an order allowing the Dispatch to photograph the proceedings, but forbidding any photographs of the juvenile's face. He determined that approval of the Dispatch's request—with the caveat preventing pictures of the juvenile's face—"would not distract participants, impair the dignity of the proceedings or otherwise materially interfere with the achievement of a fair trial or hearing herein."

{¶ 5} Judge Geer held no evidentiary hearing and made no findings based on evidence to support his decision preventing the Dispatch from photographing the juvenile's face. There was also no prior notice that the judge intended to consider any restriction on photographing the proceedings.

{¶ 6} The Dispatch objected to the ruling and requested time to notify its counsel to participate in any closure hearing. The judge denied the Dispatch's objection and request and proceeded to conduct the plea hearing while forbidding any photographs of the juvenile's face.

{¶ 7} Later on that same day, February 16, the Dispatch filed this action for a writ of prohibition to prevent Judge Geer from enforcing his February 16 order barring the Dispatch from taking photographs of the juvenile's face in the delinquency proceeding and to prevent the judge from closing further judicial proceedings unless and until notice, hearing, and finding requirements have been met. On February 21, we granted an alternative writ and issued an expedited schedule for the presentation of evidence and briefs. *State ex rel. Dispatch Printing Co. v. Geer,* 112 Ohio St.3d 1480, 2007-Ohio-704, 861 N.E.2d 819. The Dispatch submitted evidence, and the parties filed briefs.

{¶ 8} This cause is now before the court for our consideration of the Dispatch's prohibition claim.

## Mootness

{¶ 9} Judge Geer contends that this case is moot because the February 16 plea hearing in the underlying case has now concluded and "there is no longer an order to be enforced."

{¶ 10} A claim is not moot if it is capable of repetition, yet evading review. *State ex rel. Law Office of Montgomery Cty. Pub. Defender v. Rosencrans,* 111 Ohio St.3d 338, 2006-Ohio-5793, 856 N.E.2d 250, ¶ 16. "This exception applies only in exceptional circumstances in which the following two factors are both present: (1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *State ex rel. Calvary v. Upper Arlington* (2000), 89 Ohio St.3d 229, 231, 729 N.E.2d 1182.

{¶ 11} Like more typical orders, the February 16 order barring the Dispatch from taking photographs of the juvenile's face during the plea hearing in the delinquency proceeding was too brief in its duration to be fully litigated before the plea hearing concluded. See *State ex rel. Beacon Journal Publishing Co. v. Donaldson* (1992), 63 Ohio St.3d 173, 175, 586 N.E.2d 101.

{¶ 12} In addition, there is a reasonable expectation that the judge will subject the Dispatch to comparable orders in the future. Judge Geer states his continued belief that "a closure hearing is not necessary when merely restricting the photographing of a witness" and maintains that his order "was specifically authorized" by Sup.R. 12.

{¶ 13} Therefore, the Dispatch's prohibition claim is not moot, because it is capable of repetition, yet evading review. Thus, we now proceed to address the merits of the Dispatch's claim.

## Prohibition

{¶ 14} We have determined the propriety of access restrictions in the context of extraordinary-writ actions. See, e.g., *State ex rel. Natl. Broadcasting Co., Inc. v. Lake Cty. Court of Common Pleas* (1990), 52 Ohio St.3d 104, 114, 556 N.E.2d 1120 (granting writ of prohibition to prevent trial court judge from enforcing ban on photographing, filming, or taping of defendant while in courtroom); *State ex rel. Grinnell Communications Corp. v. Love* (1980), 62 Ohio St.2d 399, 16 O.O.3d 434, 406 N.E.2d 809 (granting writ of mandamus to, inter alia, compel photographic coverage of certain trials). This, however, is not a typical closure case, for there is a distinction between the actual closure of proceedings and the prohibition of certain photographs.

{¶ 15} Currently, no rule requires an evidentiary hearing if the court decides to limit photography inside a courtroom. There is, however, a mandate in Sup.R. 12(A), which states in full: "The judge assigned to the trial or hearing *shall permit* the broadcasting or recording by electronic means and the taking of photographs in court proceedings that are open to the public as provided by Ohio law. After consultation with the media, the judge shall specify the place or places in the courtroom where the operators and equipment are to be positioned.

Requests for permission for the broadcasting, televising, recording, or taking of photographs in the courtroom shall be in writing and the written order of the judge shall be made a part of the record of the proceedings." (Emphasis added.)

{¶ 16} If the media file an appropriate request[1] to broadcast or photograph proceedings, and the request is granted, the media rightfully expect that there will be no restrictions other than those stated by the rule. Sup.R. 12(B) relates to the regulation of operators and their equipment,[2] and Sup.R. 12(C) states certain prohibitions regarding what and who may be recorded, photographed, or broadcast.[3]

---

1. Sup.R. 5(A) allows courts to adopt local rules of practice to "facilitate the expeditious disposition of cases" provided that they are not inconsistent with the Rules of Superintendence. The local rule may be more specific in detailing the procedure that is to be followed. In this case, the entry referred to Loc.R. 9 of the Court of Common Pleas of Franklin County, Division of Domestic Relations, Juvenile Branch.

2. {¶ a} Sup.R. 12(B) states:

   {¶ b} "(1) Use of more than one portable television, videotape, or movie camera with one operator shall be allowed only with the permission of the judge.

   {¶ c} "(2) Not more than one still photographer shall be permitted to photograph trial proceedings without permission of the judge. Still photographers shall be limited to two cameras with two lenses for each camera.

   {¶ d} "(3) For radio broadcast purposes, not more than one audio system shall be permitted in court. Where available and suitable, existing audio pickup systems in the court facility shall be used by the media. If existing audio pickup systems are not available, microphones and other electronic equipment necessary for the audio pickup shall be as inconspicuous as possible but shall be visible.

   {¶ e} "(4) Visible audio recording equipment may be used by news media reporters with the prior permission of the judge.

   {¶ f} "(5) Arrangements between or among media for 'pooling' of equipment shall be the responsibility of the media representative authorized to cover the proceeding. 'Pooling' arrangements are to be made outside the courtroom and without imposing on the judge or court personnel. If disputes arise over arrangements between or among media representatives, the judge may exclude all contesting representatives from the proceedings.

   {¶ g} "(6) The judge shall prohibit the use of electronic or photographic equipment that produces distracting sound or light. No artificial lighting other than that normally used in the courtroom shall be employed, provided that, if the normal lighting in the courtroom can be improved without becoming obtrusive, the judge may permit modification.

   {¶ h} "(7) Still photographers and television and radio representatives shall be afforded a clear view but shall not be permitted to move about in the courtroom during court proceedings from the places where they have been positioned by the judge, except to leave or enter the courtroom."

3. {¶ a} The rule states:

   {¶ b} "(1) There shall be no audio pickup or broadcast of conferences conducted in a court facility between attorneys and clients or co-counsel or of conferences conducted at the bench between counsel and the judge.

   {¶ c} "(2) The judge shall inform victims and witnesses of their right to object to being filmed, videotaped, recorded, or photographed.

   {¶ d} "(3) This rule shall not be construed to grant media representatives any greater rights than permitted by law.

{¶ 17} None of the exceptions to Sup.R. 12 is applicable. For example, Judge Geer claims that his February 16 order was justified because under Sup.R. 12(C)(2), "[t]he judge shall inform victims and witnesses of their right to object to being filmed, videotaped, recorded, or photographed." Judge Geer claims that the juvenile was "the only witness to testify at the plea hearing" and that the juvenile objected to being photographed. But the judge failed to introduce any evidence in this case to support his assertion that the juvenile testified as a witness at the plea hearing.

{¶ 18} In this case, relator made an appropriate request for access to a February 16, 2007 plea hearing in juvenile court. Consistent with Sup.R. 12,[4] the media were specifically allowed by court order to "broadcast, televise, record or photograph" the proceedings; however, the entry also included the handwritten restriction "No pictures of the child's face." This order was entered after the judge received an objection by the juvenile's parents to the juvenile's being photographed, without offering media representatives the opportunity to be heard. Moreover, the juvenile's parents, who were the parties requesting the limitation, did not address any of the usual reasons for restricting the media: that a reasonable and substantial basis existed to believe that photographing their son's face could harm him or endanger the fairness of the adjudication, that the potential for harm outweighed the benefits of public access, or that there were no reasonable alternatives other than preventing the photographing. See *State ex rel. Plain Dealer Publishing Co. v. Geauga Cty. Court of Common Pleas, Juvenile Div.* (2000), 90 Ohio St.3d 79, 85, 734 N.E.2d 1214 (a juvenile court may restrict public access to delinquency proceedings if, after hearing evidence and argument on the issue, the court makes these findings).

{¶ 19} Even though the judge's order did not prevent public access, since it did not totally ban the photographing of the proceedings or ban the photographing of the juvenile entirely, but merely prevented the photographing of the juvenile's face, it was based upon unsupported findings. At the very least, all parties affected must have the opportunity to respond to the possibility of any restriction, and any finding must be based upon evidence in the record.

{¶ 20} We therefore grant the requested writ of prohibition to prevent Judge Geer from entering a future restriction without allowing all parties affected to have the opportunity to respond to the possibility of a restriction before the order is entered.

---

{¶ e} "(4) Media representatives shall not be permitted to transmit or record anything other than the court proceedings from the courtroom while the court is in session."

4. The judgment entry signed by the court, however, referred to "Canon 3(A)(C) Code of Judicial Conduct" and "Rule 9 of Superintendence." The canon is no longer in existence, and Sup.R. 12 now governs.

{¶ 21} In so holding, however, we reject the Dispatch's additional claim of a *constitutional right* to photograph the proceedings, because there is no constitutional right of access to juvenile delinquency proceedings. See, e.g., *Floyd,* 111 Ohio St.3d 56, 2006-Ohio-4437, 855 N.E.2d 35, ¶ 27; see, also, *Geauga Cty. Court of Common Pleas, Juvenile Div.,* 90 Ohio St.3d at 82–83, 734 N.E.2d 1214 ("traditional interests of confidentiality and rehabilitation prevent the public from having a qualified constitutional right of access to juvenile delinquency proceedings"); *Conway v. United States* (C.A.6, 1988), 852 F.2d 187, and cases cited therein (upholding the constitutionality of federal rule prohibiting telecasting, broadcasting, or photographing of federal criminal proceedings).

Writ granted.

MOYER, C.J., LUNDBERG STRATTON, O'CONNOR, O'DONNELL and CUPP, JJ., concur.

PFEIFER, J., dissents.

---

**PFEIFER, J., dissenting.**

{¶ 22} I dissent for the reasons stated in *State ex rel. Plain Dealer Publishing Co. v. Geauga Cty.* (2000), 90 Ohio St.3d 79, 89, 734 N.E.2d 1214 (Pfeifer, J., dissenting). I am concerned about applying a rule intended to govern adult proceedings to a juvenile hearing. In general, I believe changes of this sort should be vetted by our rules committees rather than imposed by ad hoc decisions.

{¶ 23} In this case, the trial court made a reasonable decision, and its decision should not be overturned. I dissent.

---

Zeiger, Tigges & Little, L.L.P., Marion H. Little Jr., and Matthew S. Zeiger, for relator.

Ron O'Brien, Franklin County Prosecuting Attorney, and Nick A. Soulas Jr., First Assistant Prosecuting Attorney, for respondent.