THE STATE EX REL. CINCINNATI ENQUIRER, A DIVISION OF GANNETT
SATELLITE INFORMATION NETWORK, INC., APPELLANT, v.
HEATH, JUDGE, ET AL., APPELLEES.

[Cite as *State ex rel. Cincinnati Enquirer v. Heath,*
121 Ohio St.3d 165, 2009-Ohio-590.]

(No. 2008–1250—Submitted January 20, 2009—Decided February 18, 2009.)

**Per Curiam.**

{¶ 1} This is an appeal from the dismissal of an action for a writ of mandamus to compel common pleas court judges to vacate orders sealing certain records in a criminal case and to make the records available for inspection and copying in accordance with R.C. 149.43, the Public Records Act. Because the court of appeals erred in holding that appellant's mandamus claim was moot and in determining that appellant was therefore not entitled to an award of attorney fees, we reverse the judgment of the court of appeals and remand for further proceedings.

### Arrest and Municipal Court Proceedings

{¶ 2} Michel Veillette was arrested in January 2008 and was accused of murdering his wife and their four children in their Mason, Ohio home. Veillette appeared in the Mason Municipal Court for a preliminary hearing that was open to the public. At the hearing, the state introduced several exhibits, including Veillette's taped statement, crime-scene photographs, and a crime-scene diagram. Mason Municipal Court Judge Andrew Batsche sealed the search warrant and related records in connection with the criminal investigation and subsequently sealed the records related to the criminal cases.

### Common Pleas Court Proceedings

{¶ 3} On January 28, 2008, appellee Warren County Common Pleas Court Judge Neal Bronson granted the state's motion and sealed the records in Veillette's criminal case "bound over from Mason Municipal Court." Appellant, the Cincinnati Enquirer, a division of Gannett Satellite Information Network, Inc., requested that Judge Batsche and Judge James Heath of the Warren County Common Pleas Court vacate Judge Batsche's sealing order.

{¶ 4} A few months after the sealing orders, Judge Heath conducted a hearing at which the state argued that Veillette "would be deprived of a fair trial by disclosure of the information that was presented at the preliminary hearing." Veillette joined in the state's motion. Judge Heath decided that the materials should remain sealed in accordance with Judge Bronson's and Judge Batsche's orders:

{¶ 5} "In light of the interests of the Defendant, those being primary at this point in time, the fact that this information potentially could taint the jury pool, in order to protect his due process rights, I think it is appropriate that the information remain sealed."

## Mandamus Case

{¶ 6} A few days later, the Enquirer filed a complaint in the Court of Appeals for Warren County for a writ of mandamus to compel Judge Heath, Judge Bronson, and Judge Batsche to vacate their orders sealing the records relating to Veillette's criminal case and to provide the records for inspection and copying. The Enquirer also requested an award of attorney fees. The Enquirer later voluntarily dismissed Judge Batsche from the case.

{¶ 7} On April 15, 2008, Veillette committed suicide in his Warren County jail cell. Judge Heath then ordered that the previous order sealing the records from the preliminary hearing be lifted because of Veillette's death. Judge Heath and Judge Bronson filed a motion to dismiss the Enquirer's complaint based on mootness. The court of appeals granted the motion and dismissed the cause. The court of appeals also denied the Enquirer's request for attorney fees.

{¶ 8} This cause is now before the court upon the Enquirer's appeal as of right.

## Mandamus Claim

{¶ 9} The court of appeals held that the Enquirer's mandamus claim was moot because the Enquirer had been provided the requested records after Veillette's suicide, which was less than a month after Judge Heath's hearing on the state's motion to seal the records.

{¶ 10} "[I]n general, providing the requested records to the relator in a public-records mandamus case renders the mandamus claim moot." *State ex rel. Toledo Blade Co. v. Seneca Cty. Bd. of Commrs.*, 120 Ohio St.3d 372, 2008-Ohio-6253, 899 N.E.2d 961, ¶ 43; *State ex rel. Glasgow v. Jones*, 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 27.

{¶ 11} But a claim "is not moot if it is capable of repetition, yet evading review." *State ex rel. Dispatch Printing Co. v. Geer*, 114 Ohio St.3d 511, 2007-Ohio-4643, 873 N.E.2d 314, ¶ 10. This exception "applies only in exceptional circumstances in which the following two factors are both present: (1) the

challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *State ex rel. Calvary v. Upper Arlington* (2000), 89 Ohio St.3d 229, 231, 729 N.E.2d 1182.

{¶ 12} We have recognized that "[c]ourtroom closure cases often evade review, since a closure order usually expires before an appellate court can consider it." *State ex rel. Beacon Journal Publishing Co. v. Donaldson* (1992), 63 Ohio St.3d 173, 175, 586 N.E.2d 101. To be sure, the orders sealing the records from the preliminary hearing, including a transcript of the hearing, may not be representative of classic orders closing proceedings by excluding members of the public from a hearing. In fact, the preliminary hearing before Judge Batsche and the hearing on the state's motion to seal the record before Judge Heath were not closed to the public.

{¶ 13} Nevertheless, the United States Supreme Court has held that similar orders refusing the release of a transcript of a preliminary hearing in a criminal case are not rendered moot by the subsequent release of the transcript, because "[i]t can reasonably be assumed that [members of the news media] will be subjected to a similar closure order and, because criminal proceedings are typically of short duration, such an order will likely evade review." *Press–Ent. Co. v. Superior Court of California for Riverside Cty.* (1986), 478 U.S. 1, 6, 106 S.Ct. 2735, 92 L.Ed.2d 1; see also *Gannett Co., Inc. v. DePasquale* (1979), 443 U.S. 368, 377, 99 S.Ct. 2898, 61 L.Ed.2d 608 (newspaper owner's subsequent access to transcript of suppression hearing that was previously closed did not render action challenging order moot, because "to the extent the order has the effect of denying access to the transcript, termination of the underlying criminal proceeding * * * nearly always will lead to a lifting of the order before appellate review is completed").

{¶ 14} Therefore, based on this precedent, the mere fact that Veillette's suicide led to Judge Heath's lifting of the sealing order did not render the Enquirer's mandamus claim moot. The court of appeals erred in holding otherwise.

## Attorney Fees

{¶ 15} The court of appeals denied the Enquirer's request for attorney fees based on the judges' provision of the requested records:

{¶ 16} "The motion to dismiss indicates that respondent Heath lifted the order sealing records from the preliminary hearing immediately upon Veillette's death. The issue of whether the records sought by relator were being legally and/or properly withheld by respondents has never been litigated in this case due to the death of Mr. Veillette. Accordingly, the request for attorney fees is DENIED."

{¶ 17} The court of appeals erred in so holding because, as previously discussed, the Enquirer's mandamus claim was not rendered moot by the provision of the requested records.

{¶ 18} In addition, even if the Enquirer's mandamus claim were properly dismissed as moot, a claim for attorney fees in a public-records mandamus action is not rendered moot by the provision of the requested records after the case has been filed. See *State ex rel. Cincinnati Enquirer v. Dupuis*, 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, ¶ 9; see also *State ex rel. Ohio Patrolmen's Benevolent Assn. v. Mentor* (2000), 89 Ohio St.3d 440, 448, 732 N.E.2d 969 (mootness of public-records mandamus claims does not preclude an award of attorney fees).

## Conclusion

{¶ 19} Based on the foregoing, we reverse the court of appeals' judgment dismissing the Enquirer's complaint for a writ of mandamus and denying the Enquirer's request for attorney fees. Because the court of appeals did not address the merits of these claims, a remand for the introduction of additional evidence and argument is appropriate. See *State ex rel. Rogers v. McGee Brown* (1997), 80 Ohio St.3d 408, 411, 686 N.E.2d 1126.

Judgment reversed
and cause remanded.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———

Graydon, Head & Ritchey, L.L.P., and John C. Greiner, for appellant.

Rachel A. Hutzel, Warren County Prosecuting Attorney, and Keith W. Anderson and Mary K. Martin, Assistant Prosecuting Attorneys, for appellee.