THE STATE EX REL. VINDICATOR PRINTING CO. ET AL. *v.* WOLFF, JUDGE, ET AL.

[Cite as *State ex rel. Vindicator Printing Co. v. Wolff,*

132 Ohio St.3d 481, 2012-Ohio-3328.]

*Public records—Court documents—Sup.R. 44 and 45—Discovery documents and bills of particulars—Attorney fees.*

(No. 2011-0132—Submitted May 22, 2012—Decided July 25, 2012.)

IN MANDAMUS and PROHIBITION.

_____

**Per Curiam.**

{¶ 1}  This is an original action by relators, the Vindicator Printing Company and WFMJ Television, Inc., for a writ of mandamus to compel respondent, Judge William H. Wolff, sitting by assignment in the Mahoning County Court of Common Pleas, to release all records that were sealed in *State v. Cafaro*, Mahoning Cty. C.P. Nos. 2010 CR 800 and 800A, B, C, D, E, F, G, H, and I, and a writ of prohibition to compel the judge to vacate his December 21, 2010 and August 24, 2011 decisions in those cases and to prohibit him from issuing further orders presumptively sealing any documents or records in the cases.  Because relators have established their entitlement to the requested extraordinary relief based on the Superintendence Rules, we grant the writs.  This renders moot relators' remaining claims based on the United States and Ohio Constitutions, the common law, and R.C. 149.43, the Ohio Public Records Act.  Relators are not entitled to an award of attorney fees, because the Superintendence Rules do not specifically authorize such an award.

**Facts**

{¶ 2}  In late July 2010, a Mahoning County grand jury returned a 73-count indictment charging seven persons, including current and former public

officials, and three organizations with felony and misdemeanor charges, including engaging in a pattern of corrupt activity, conspiracy, perjury, bribery, money laundering, tampering with records, disclosure of confidential information, conflict of interest, filing a false financial-disclosure statement, and soliciting or accepting improper compensation. The cases are designated as *State v. Cafaro*, Mahoning C.P. Nos. 2010 CR 800 and 800(A) through (I), with the defendants as follows: 2010 CR 800, Anthony M. Cafaro Sr.; A, the Cafaro Company; B, Ohio Valley Mall Company; C, the Marion Plaza, Inc.; D, John A. McNally IV; E, John Reardon; F, Michael V. Sciortino; G, John Zachariah; H, Martin Yavorcik; and I, Flora Cafaro. Anthony Cafaro is the retired president of the Cafaro Company, Flora Cafaro is Anthony Cafaro's sister and a part owner of the Cafaro Company, Ohio Valley Mall Company and the Marion Plaza, Inc. are affiliates of the Cafaro Company, McNally is a Mahoning County commissioner, Sciortino is the Mahoning County auditor, Reardon is the former Mahoning County treasurer, Zachariah is the former director of the Mahoning County Department of Job and Family Services, and Yavorcik is an attorney who ran an unsuccessful 2008 campaign for Mahoning County prosecuting attorney. The charges stemmed from the unsuccessful attempts of Anthony Cafaro and the Cafaro-related entities to keep the Mahoning County Department of Job and Family Services located at a site owned by the Ohio Valley Mall Company, operating through Marion Plaza, Inc., which received rental income from the county while located there.

{¶ 3} The Cafaro defendants—Anthony M. Cafaro Sr., Flora Cafaro, the Cafaro Company, Ohio Valley Mall Company, and the Marion Plaza, Inc.—filed a joint motion for a bill of particulars, and the state filed a notice of intent to voluntarily comply. After the state provided bills of particulars for defendants Flora Cafaro and Yavorcik that resulted in local newspaper articles, including one from the Vindicator, the attorneys for the Cafaro defendants submitted a letter to respondent, Judge William H. Wolff Jr., who is sitting by assignment in the

2

underlying criminal cases. In their unfiled letter, the Cafaro defendants requested that the state be ordered either to produce its bills of particulars 14 days in advance of filing to afford them the opportunity to apply for relief or to file its bills of particulars under seal to permit them to move to redact the portions they challenge. The Cafaro defendants claimed that the presumptive sealing of the bills of particulars was appropriate because the state's responses endangered their ability to receive a fair trial. The state submitted a letter to the judge objecting to the request. This response was also not filed as a matter of public record.

**{¶ 4}** The judge held a private, pretrial proceeding with the parties' counsel that resulted in a September 9, 2010 decision in which he granted the defendants' pending discovery motions. The judge ordered that all filings in the case "shall be under seal with the exception of filings that are clearly procedural and cannot possibly implicate Defendants' concern about receiving a fair trial." He also specified that the defendants had 14 days from filing to object to the state's filing and that the state had 14 days to respond, with counsel permitted to request a hearing. Following an editorial that appeared in the Vindicator, the judge issued a supplemental order on September 14, 2010, in which he further explained that his "filing under seal protocol" was based on the "significant media coverage" that the criminal cases had attracted and his obligation "to balance the right of the defendants to a fair trial and the right of the public to be informed of these proceedings through the media or through personal examination of the record." The judge was concerned with whether "fair and impartial potential jurors can be found in Mahoning County, i.e., potential jurors without preconceived notions of how this case should be decided that they cannot set aside due to pretrial publicity."

**{¶ 5}** Based on the September 9 and 14, 2010 orders, various filings, including the Cafaro defendants' joint motion to dismiss the indictment and memorandum in support, were filed under seal. The Cafaro defendants also filed

under seal a motion to seal, until after trial, all bills of particulars and notices of intent to introduce Evid.R. 404(B) "other acts" evidence.

{¶ 6} In November 2010, relators, the Vindicator Printing Company, which publishes the Vindicator, a daily newspaper distributed principally in Mahoning County, and WFMJ Television, Inc., which broadcasts news in Mahoning County, submitted to the judge and the Mahoning County clerk of courts requests to inspect and copy filings and documents submitted to the court in the criminal cases, including those that had been filed under seal. When relators were not provided with access to some of the requested records, they filed a motion for an order vacating the September 9 and 14, 2010 sealing orders.

{¶ 7} On December 6, 2010, the court held a hearing on the Cafaro defendants' motion to seal the bills of particulars and notices of intent to introduce evidence under Evid.R. 404(B) and relators' motion to vacate the prior sealing orders. At the hearing, the Cafaro defendants submitted the testimony of their sole witness, Ohio University journalism professor Hugh J. Martin. Martin testified that the Vindicator was distributed to about 40 percent of Mahoning County households for Mondays through Saturdays and to almost 50 percent of county households on Sundays and that WFMJ claimed to have the most-watched newscasts in Mahoning County. Martin referred to the Vindicator's coverage of the criminal cases as "very tough" on the defendants and "sharply drawn" to emphasize the allegations against them, but he conceded that he could not say whether the newspaper statements were true or false. The defendants had themselves issued press releases proclaiming their innocence of the charges and a cable-TV infomercial. Ultimately, Martin testified that he had "no idea" whether relators' coverage of the cases prevented the impaneling of an impartial jury or tainted the jury pool, because that was not his "area of expertise." He also conceded that he could not render an opinion on whether opening the proceedings (i.e., unsealing the records) would impede the impaneling of a jury. One of the

4

Cafaro defendants' attorneys admitted that he was not saying that they would be unable to pick a fair jury if the judge unsealed part of the bill of particulars, but merely that the jury-selection process would be burdened in the absence of a sealing order.

{¶ 8} On December 21, 2010, the judge issued a decision in which he granted the Cafaro defendants' motion to seal the bills of particulars that had not yet been filed as a public record—the bills of particulars for the Cafaro defendants and Zachariah—as well as any Evid.R. 404(B) notices. He determined that the bills of particulars and Evid.R. 404(B) notices of other-acts evidence were in the nature of discovery and were not entitled to any presumption of public access and that even if they were entitled to a presumption of public access, that presumption was outweighed by the substantial probability that the defendants' right to a fair trial in Mahoning County would be prejudiced. With these exceptions, the judge also "sustained prospectively" relators' motion to vacate his September 9 and 14, 2010 sealing orders. But he continued a protocol in which the state would submit to defense counsel, prior to filing, any document that "can be reasonably expected to trigger a concern on the part of defense counsel that publication of the document will prejudice the impaneling of an impartial jury in Mahoning County," thus giving the opportunity for the defendants to file a motion to seal, which would be served on relators' counsel, but would not be permitted to be shared with relators. A subsequent e-mail exchange confirmed that the judge's intent was that motions to seal and responses to them be filed under seal, with the court to determine the motions in camera.

{¶ 9} In January 2011, relators filed this action for a writ of mandamus to compel the judge to release all records filed with the clerk of courts in the underlying criminal cases and a writ of prohibition to vacate the December 21, 2010 order, prohibit him from presumptively closing any proceedings or sealing any documents filed with or otherwise provided to the court, and requiring him to

comply with all requirements of notice, evidentiary hearing, and findings before sealing any filed documents or records or closing any proceedings in the criminal cases. The judge submitted an answer, and the Cafaro defendants filed a motion to intervene as respondents and an answer. We granted the motion to intervene and an alternative writ and issued a schedule for the submission of evidence and briefs. 128 Ohio St.3d 1443, 2011-Ohio-1618, 944 N.E.2d 693.

{¶ 10} After evidence and briefs were submitted, respondents notified this court that on July 11, 2011, the judge, on motion of the state, dismissed the indictment in the underlying criminal cases without prejudice, thereby terminating the prosecution of the cases. According to a later opinion of the judge, the dismissal was prompted by the refusal of agents of the federal government to furnish the special prosecutors with materials essential to the special prosecutor's duty to provide discovery to the defendants. The respondents filed motions for leave to file supplemental briefs on postdismissal issues of access to the sealed records. We granted the motions, and the parties submitted supplemental briefs on the issue of the effect of the dismissal of the underlying criminal cases on relators' mandamus and prohibition claims. 129 Ohio St.3d 1446, 2011-Ohio-4217, 951 N.E.2d 1044.

{¶ 11} Relators subsequently filed a motion for leave to file an amended complaint instanter, which indicated that the following additional events had occurred in the underlying criminal cases after the parties had submitted evidence and their initial briefs. In June 2011, before the judge dismissed without prejudice the indictment against the defendants, the Cafaro defendants filed—as a matter of public record—a motion "to dismiss the indictment to enforce non-prosecution agreement, and due to prosecutorial misconduct and vindictiveness, with request for an order releasing grand jury transcripts," with a 106-page memorandum in support. The memorandum included 45 pages under the heading "Relevant factual background," which purported to detail multiple instances of

prosecutorial misconduct. In response to the motion and consistent with the court's protocol, the state filed under seal a memorandum in opposition, which included a six-page discussion under the heading "Relevant, non-vindictive facts."

{¶ 12} The Cafaro defendants filed under seal a motion to seal the "relevant, non-vindictive facts" from the state's memorandum in response to their motion to dismiss the indictment. Relators' and the state's memoranda in opposition to the motion to seal and the Cafaro defendants' motion for leave to file a reply were also submitted under seal. The parties also filed other unrelated motions, including a motion for return of property and a motion for an extension of time to respond under seal. And following the court's dismissal without prejudice of the indictment, various defendants, including the Cafaro defendants, filed under seal motions to seal the record of their cases under R.C. 2953.52. Responses to the motions were also submitted under seal.

{¶ 13} On August 24, 2011, without holding any hearing, the judge unsealed most of the sealed filings but granted the Cafaro defendants' motion to seal the six-page factual discussion in the state's memorandum in opposition to the Cafaro defendants' joint motion to dismiss. He based his sealing order on the following factors: (1) the sealed portion of the state's memorandum was not used by the court to decide the Cafaro defendants' motion, because the motion was rendered moot by the court's dismissal upon the state's motion of the cases on July 11, 2011, (2) even if the court had been required to rule on the Cafaro defendants' motion, the portion of the memorandum at issue would not have played a part in the court's decisional process, and (3) like the bills of particulars that remain sealed by court order, the "relevant, non-vindictive facts" in the state's memorandum "would trigger the same fair trial concerns that prompted the sealing orders in the first place."

**{¶ 14}** On October 24, 2011, the judge denied the motions of the Cafaro defendants and defendant Zachariah to seal the records of the dismissed criminal cases pursuant to R.C. 2953.52. In his decision, he concluded that the legitimate governmental need to keep the records unsealed due to the ongoing criminal investigation of the defendants outweighed the defendants' privacy interests.

**{¶ 15}** This cause is now before this court for a consideration of the merits and of relators' motions for leave to file an amended complaint, for leave to file a reply brief in support of their supplemental merit brief, and for a court order instructing the judge to file an unredacted copy of the state's memorandum in response to the Cafaro defendants' motion to dismiss in the underlying criminal cases.

## Legal Analysis

### *Motion for Leave to Amend Complaint*

**{¶ 16}** Relators request leave to amend their complaint instanter pursuant to Civ.R. 15 to address the August 24, 2011 order sealing the factual portion of the state's memorandum in opposition to the Cafaro defendants' motion to dismiss the indictment and the judge's continued application of an allegedly improper protocol resulting in the improper sealing of records.

**{¶ 17}** Under S.Ct.Prac.R. 10.2, the "Ohio Rules of Civil Procedure shall supplement these rules unless clearly inapplicable." Civ.R. 15(A) and (E), which govern amendments of and supplements to pleadings, are not clearly inapplicable to original actions filed in this court. *See generally State ex rel. Essig v. Blackwell*, 103 Ohio St.3d 481, 2004-Ohio-5586, 817 N.E.2d 5, ¶ 16. "Leave of court shall be freely given when justice so requires." Civ.R. 15(A). "[T]he language of Civ.R. 15(A) favors a liberal amendment policy and a motion for leave to amend should be granted absent a finding of bad faith, undue delay or undue prejudice to the opposing party." *Hoover v. Sumlin*, 12 Ohio St.3d 1, 6, 465 N.E.2d 377 (1984).

{¶ 18} Moreover, Civ.R. 15(E) permits parties, upon motion and upon reasonable notice and upon such terms as are just, to "serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." And "in determining actions involving extraordinary writs, a court is not limited to considering the facts and circumstances at the time that the writ was requested but can consider the facts and conditions at the time that entitlement to the writ is considered." *State ex rel. Howard v. Skow*, 102 Ohio St.3d 423, 2004-Ohio-3652, 811 N.E.2d 1128, ¶ 9.

{¶ 19} Therefore, because relators seek to amend their complaint to plead events that occurred after their original complaint and the submission of evidence and the initial merit briefs and because respondents did not file a timely memorandum in opposition, we grant the motion for leave to amend and consider the merits of the case based on relators' amended claims.

### *Relators' Remaining Motions*

{¶ 20} We need not address the merits of relators' remaining motions—to order the judge to file under seal the state's complete memorandum in response to the Cafaro defendants' motion to dismiss and for leave to submit a reply supplemental brief—because they are rendered moot by our disposition of the case.

### *Mandamus*

{¶ 21} Relators request a writ of mandamus to compel the judge to provide them with access to the records from the underlying criminal cases that remain sealed pursuant to his challenged sealing orders, i.e., the bills of particulars for the Cafaro defendants and defendant Zachariah and the portion of

the state's memorandum in opposition to the Cafaro defendants' motion to dismiss the indictment under the heading "Relevant, non-vindictive facts."[1]

{¶ 22} To be entitled to the requested extraordinary relief in mandamus, relators must establish a clear legal right to access to the sealed records, a corresponding clear legal duty on the part of the judge to unseal them, and the lack of an adequate remedy in the ordinary course of law. *See State ex rel. Dreamer v. Mason*, 115 Ohio St.3d 190, 2007-Ohio-4789, 874 N.E.2d 510, ¶ 11. "We have determined the propriety of access restrictions in the context of extraordinary-writ actions." *State ex rel. Dispatch Printing Co. v. Geer*, 114 Ohio St.3d 511, 2007-Ohio-4643, 873 N.E.2d 314, ¶ 14. Relators claim entitlement to the sealed records based on the Rules of Superintendence, the Public Records Act, the United States and Ohio Constitutions, and the common law.

{¶ 23} We decide this case based on the Rules of Superintendence, which provide for public access to court records. For the claimed violation of these rules, a "person aggrieved by the failure of a court or clerk of court to comply with the requirements of Sup.R. 44 through 47 may pursue an action in mandamus pursuant to Chapter 2731. of the Revised Code." Sup.R. 47(B); *see also* Sup.R. 47(A). Sup.R. 44 through 47 became effective on July 1, 2009. Sup.R. 99(KK).

{¶ 24} Under Sup.R. 45(A), "[c]ourt records are presumed open to public access." "Court record" for purposes of the public-access superintendence rules "means both a case document and an administrative document, regardless of physical form or characteristic, manner of creation, or method of storage." Sup.R. 44(B). Relators assert that the requested records that remain sealed here—bills of particulars and a statement of facts in the state's memorandum in opposition to

---

1. Although the December 21, 2010 order granting the Cafaro defendants' motion to seal also sealed Evid.R. 404(B) notices, no such notices were filed under seal, and we consequently need not determine whether this portion of the judge's order was appropriate.

the Cafaro defendants' motion to dismiss the indictment—are entitled to the presumption of public access in Sup.R. 45(A) because they constitute case documents, which are defined in Sup.R. 44(C):

> (C)(1) "Case document" means a document and information in a document submitted to a court or filed with a clerk of court in a judicial action or proceeding, including exhibits, pleadings, motions, orders, and judgments, and any documentation prepared by the court or clerk in the judicial action or proceeding, such as journals, dockets, and indices, subject to the exclusions in division (C)(2) of this rule.
>
> (2) The term "case document" does not include the following:
>
> (a) A document or information in a document exempt from disclosure under state, federal, or the common law;
>
> (b) personal identifiers, as defined in division (H) of this rule;
>
> (c) A document or information in a document to which public access has been restricted pursuant to division (E) of Sup.R. 45[.]

{¶ 25} In his December 21, 2010 decision sealing the bills of particulars and his August 24, 2011 decision sealing the factual portion of the state's memorandum in response to the Cafaro defendants' motion to dismiss, the judge determined that these filed documents were not entitled to presumptive public access, because they were not used by him to render a decision in the cases.

{¶ 26} But "[t]o interpret court rules, this court applies general principles of statutory construction. * * * Therefore, we must read undefined words or

phrases in context and then construe them according to rules of grammar and common usage." *State ex rel. Law Office of Montgomery Cty. Pub. Defender v. Rosencrans*, 111 Ohio St.3d 338, 2006-Ohio-5793, 856 N.E.2d 250, ¶ 23. "If a court rule is unambiguous, we apply it as written." *Erwin v. Bryan*, 125 Ohio St.3d 519, 2010-Ohio-2202, 929 N.E.2d 1019, ¶ 22.

{¶ 27} There is no requirement under the Superintendence Rules that a record or document must be used by the court in a decision to be entitled to the presumption of public access specified in Sup.R. 45(A). Instead, to qualify as a case document that is afforded the presumption of openness for court records, the document or information contained in a document must merely be "submitted to a court or filed with a clerk of court in a judicial action or proceeding" and not be subject to the specified exclusions. Sup.R. 44(C)(1). The bills of particulars and the factual portion of the state's memorandum in response to the Cafaro defendants' motion to dismiss were manifestly submitted to the common pleas court and filed with the clerk of court in the criminal cases, and there is no exception in Sup.R. 44(C) for records not used by a court to render a decision. Therefore, we cannot read this exception into the plain language of the Superintendence Rules. *See State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 26.

{¶ 28} Respondents also claim that these sealed records are not entitled to the Sup.R. 45(A) presumption of public access because they are exempt from disclosure as discovery materials or work product, citing our decision in *State ex rel. WHIO-TV-7 v. Lowe*, 77 Ohio St.3d 350, 673 N.E.2d 1360 (1997), to support their claim. Our holding in *Lowe*, however, was limited: "Information that a criminal prosecutor has disclosed to the defendant for discovery purposes pursuant to Crim.R. 16 is not thereby subject to release as a 'public record' pursuant to R.C. 149.43." *Id.* at syllabus.

**{¶ 29}** Neither the bills of particulars nor the facts recited in the state's memorandum in response to the Cafaro defendants' motion to dismiss were "disclosed to the defendant[s] for discovery purposes pursuant to Crim.R. 16." And unlike the discovery materials at issue in *Lowe*, these records were submitted to and filed with the court.

**{¶ 30}** Notwithstanding respondents' assertions, in Ohio, a "bill of particulars has a limited purpose—to elucidate or particularize the conduct of the accused alleged to constitute the offense." *State v. Sellards*, 17 Ohio St.3d 169, 171, 478 N.E.2d 781 (1985). Its express purpose is not "to serve as a substitute for discovery." *Id. See also United States v. Smith*, 776 F.2d 1104, 1111-1112 (3d Cir.1985), holding that the First Amendment and common-law rights of access "extend to bills of particulars because we think them more properly regarded as supplements to the indictment than as the equivalent of civil discovery."

**{¶ 31}** Therefore, the sealed bills of particulars are not exempt from disclosure under state law as either discovery materials or work product. Nor is a recitation of facts in a response to a dispositive motion in a criminal case the equivalent of discovery or work product. Therefore, the sealed records are entitled to the presumption of access accorded case documents under Sup.R. 45(A).

**{¶ 32}** Respondents next claim that any presumptive access under Sup.R. 45(A) has been properly overcome under Sup.R. 45(E), which provides the procedure for restricting public access to a case document:

> **(E) Restricting public access to a case document**
>
> (1) Any party to a judicial action or proceeding or other person who is the subject of information in a case document may, by written motion to the court, request that the court restrict public

access to the information or, if necessary, the entire document. Additionally, the court may restrict public access to the information in the case document or, if necessary, the entire document upon its own order. The court shall give notice of the motion or order to all parties in the case. The court may schedule a hearing on the motion.

(2) A court shall restrict public access to information in a case document or, if necessary, the entire document, if it finds by clear and convincing evidence that the presumption of allowing public access is outweighed by a higher interest after considering each of the following:

(a) Whether public policy is served by restricting public access;

(b) Whether any state, federal, or common law exempts the document or information from public access;

(c) Whether factors that support restriction of public access exist, including risk of injury to persons, individual privacy rights and interests, proprietary business information, public safety, and fairness of the adjudicatory process.

{¶ 33} Respondents claim that any presumptive right of access to the sealed bills of particulars and the statement of facts in the state's response to the motion to dismiss the indictment was outweighed under Sup.R. 45(E)(2)(c) by clear and convincing evidence that the "fairness of the adjudicatory process" would be compromised by public access to these records, i.e., unsealing these records would substantially prejudice the defendants' right to a fair trial.

{¶ 34} Respondent's claim lacks merit. There was not clear and convincing evidence to establish that the prejudicial effect of pretrial publicity

14

generated by public access to the bills of particulars and the recitation of facts in the state's memorandum in response to the Cafaro defendants' motion to dismiss the indictment would prevent them from receiving a fair trial. The Cafaro defendants' lone witness at the December 6, 2010 hearing, Ohio University journalism professor Martin, admitted that he had "no idea" whether relators' coverage of the criminal cases would prevent the impaneling of an impartial jury, and although he referred to the coverage as "tough" on the defendants, he could not say whether the reporting was true or false. The judge thus overstated the prejudicial impact of the pretrial publicity. " '[P]retrial publicity—even pervasive, adverse publicity—does not inevitably lead to an unfair trial.' " *State v. Coley*, 93 Ohio St.3d 253, 258, 754 N.E.2d 1129 (2001), quoting *Nebraska Press Assn. v. Stuart*, 427 U.S. 539, 554, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976). In effect, in the absence of clear and convincing evidence establishing that the defendants' right to a fair trial would be violated, the judge erroneously relied on conclusory, speculative assertions. *See State ex rel. Toledo Blade Co. v. Henry Cty. Court of Common Pleas*, 125 Ohio St.3d 149, 2010-Ohio-1533, 926 N.E.2d 634, ¶ 39. In the order sealing the factual portion of the state's memorandum in response, he did not cite any additional evidence to support the sealing of the record. Rather, he merely stated that this portion of the memorandum was the "functional equivalent" of a bill of particulars, which, as discussed, should be presumptively open to the public.

{¶ 35} Moreover, the constitutional right of the defendants to a fair trial can be protected by the traditional methods of voir dire, continuances, changes of venue, jury instructions, or sequestration of the jury. Consequently, the sealing orders were improper. *Id.* at ¶ 40-42.

{¶ 36} Finally, the Cafaro defendants claim that after the judge dismissed the criminal cases upon the state's motion, their postdismissal privacy interests outweighed the presumption of public access to the sealed records. Not so. As

the judge concluded in denying the Cafaro defendants' postdismissal motion to seal the entire record in the criminal cases:

> Again, the question for the court is whether this legitimate governmental need [of not restricting the ongoing criminal investigation] outweighs these defendants' privacy interests. The court concludes that it does.

> As a practical matter, the defendants would gain little, if anything, from a sealing order. Except for the documents the court has kept under seal, the entire court record in this case is in the public domain. Counsel for the Vindicator and WFMJ-TV has represented that the Vindicator has created its own record of everything not under seal, and there would be no restriction upon its use of what it has mined, even if the court were to enter a sealing order. Further, information about this case is available on the internet. In short, a sealing order would do little, if anything, to protect the privacy of the defendants.

> Accordingly, in "balancing the public and private interests," the privacy interests of the defendants are outweighed by a legitimate governmental need to keep the records unsealed.

(Citations omitted.)

{¶ 37} Thus, relators have established that the presumption of public access has not been overcome by the requisite clear and convincing evidence of a higher interest and that the public is entitled to access to the sealed records under the Superintendence Rules. Therefore, relators are entitled to a writ of mandamus to compel the judge to unseal and provide access to the bills of particulars and the

16

facts in the state's memorandum in response to the Cafaro defendants' motion to dismiss the indictment.

*Prohibition*

**{¶ 38}** Relators also seek a writ of prohibition to vacate the December 21, 2010 and August 24, 2011 decisions and to prohibit the judge from presumptively sealing any records in the cases. Because the sealing orders were never lifted, this claim is not moot. *Compare State ex rel. Cincinnati Enquirer v. Heath*, 121 Ohio St.3d 165, 2009-Ohio-590, 902 N.E.2d 976, ¶ 11-14 (court held that sealing order that had been lifted did not moot mandamus claim because it was capable of repetition, yet evading review).

**{¶ 39}** Based on the previous discussion concerning relators' mandamus claim, they have also established their entitlement to the requested writ of prohibition. The Cafaro defendants did not submit clear and convincing evidence to support the court's sealing orders and sealing protocol presumptively sealing records, including motions to seal and memoranda in opposition, based on a claimed infringement on the defendants' constitutional right to a fair trial.

**{¶ 40}** Therefore, relators' prohibition claim has merit.

*Constitutional, Common-Law, and R.C. 149.43 Claims*

**{¶ 41}** Relators also claim entitlement to the requested extraordinary relief based on the United States and Ohio Constitutions, the common law, and R.C. 149.43. We have recognized constitutional and common-law rights to certain judicial records. *See State ex rel. Cincinnati Enquirer v. Winkler*, 101 Ohio St.3d 382, 2004-Ohio-1581, 805 N.E.2d 1094, ¶ 8; *State ex rel. Scripps Howard Broadcasting Co. v. Cuyahoga Cty. Court of Common Pleas, Juvenile Div.*, 73 Ohio St.3d 19, 22, 652 N.E.2d 179 (1995). We have also recognized the propriety of claims for court records under R.C. 149.43. *See State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 21.

**{¶ 42}** Nevertheless, because relators have established their entitlement to the requested extraordinary relief on the Superintendence Rules, we need not address other bases for relators' claims for records, which are rendered moot. *See State ex rel. Am. Civ. Liberties Union of Ohio, Inc. v. Cuyahoga Cty. Bd. of Commrs.*, 128 Ohio St.3d 256, 2011-Ohio-625, 943 N.E.2d 553, ¶ 55. "This result is consistent with our well-settled precedent that we will not indulge in advisory opinions." *State ex rel. Keyes v. Ohio Pub. Emps. Retirement Sys.*, 123 Ohio St.3d 29, 2009-Ohio-4052, 913 N.E.2d 972, ¶ 29.

*Attorney Fees*

**{¶ 43}** Relators request an award of attorney fees. But Sup.R. 44 through 47 do not authorize an award of attorney fees to a successful litigant contesting a court's denial of access to court records. *See* Sup.R. 47, which does not include an award of attorney fees as a remedy for a person aggrieved by the failure of a court or clerk of court to comply with Sup.R. 44 through 47. Thus, we deny relators' request for attorney fees.

**Conclusion**

**{¶ 44}** In sum, relators have established their entitlement to the requested extraordinary relief. We grant a writ of mandamus to compel the judge to unseal and provide access to the bills of particulars and the factual portion of the state's memorandum in opposition to the Cafaro defendants' motion to dismiss the indictment. We also grant a writ of prohibition to compel the judge to vacate his prior sealing orders and to prevent him from issuing further orders presumptively sealing records in the criminal cases. Relators' request for attorney fees is denied.

Writs granted.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Zeiger, Tigges & Little, L.L.P., Marion H. Little Jr., and Christopher J. Hogan, for relators.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Carley J. Ingram, Assistant Prosecuting Attorney, for respondent, Judge William H. Wolff.

Law Office of Martin G. Weinberg, P.C., and Martin G. Weinberg, for intervening respondent Anthony M. Cafaro Sr.

Walter & Haverfield, L.L.P., Ralph E. Cascarilla, Darrell A. Clay, and Leslie G. Wolfe, for intervening respondent the Cafaro Company.

McLaughlin & McCaffrey, L.L.P., John F. McCaffrey, and Anthony R. Petruzzi, for intervening respondents Ohio Valley Mall Company and Marion Plaza, Inc.

Johnson, Bruzzese & Temple and J. Alan Johnson, for intervening respondent Flora Cafaro.

Lucy A. Dalglish, urging granting of the writs for amicus curiae, the Reporters Committee for Freedom of the Press.

_____