Zayas, J., concurring in part and dissenting in part.
 

 {¶ 22} I concur with the majority's holding regarding the petition for a writ of mandamus. However, I respectfully dissent from the majority's conclusion that the petition for a writ of prohibition is moot. While the cause is technically moot, there is a recognized exception to the mootness doctrine for cases that are "capable of repetition, yet evading review," and it is within our authority to raise the applicability of this exception sua sponte.
 
 See
 

 State ex rel. Cincinnati Enquirer v. Bronson
 
 ,
 
 191 Ohio App.3d 160
 
 ,
 
 2010-Ohio-5315
 
 ,
 
 945 N.E.2d 551
 
 , ¶ 8 (12th Dist.). To meet this exception, the following conditions must apply: "(1) the challenged action is too short in duration to be fully litigated prior to its cessation or expiration and (2) there is 'a reasonable expectation that the same complaining party will be subjected to the same action again.' "
 
 Paige v. Ohio High School Athletic Assn.
 
 ,
 
 2013-Ohio-4713
 
 ,
 
 999 N.E.2d 1211
 
 , ¶ 17 (1st Dist.), quoting
 
 State ex rel. Calvary v. Upper Arlington
 
 ,
 
 89 Ohio St.3d 229
 
 , 231,
 
 729 N.E.2d 1182
 
 (2000).
 

 {¶ 23} The first element is met here because a criminal trial's duration is almost always much shorter than this court's typical period of review.
 
 See
 

 Press-Ent. Co. v. Superior Court of California for Riverside Cty.
 
 ,
 
 478 U.S. 1
 
 , 6,
 
 106 S.Ct. 2735
 
 ,
 
 92 L.Ed.2d 1
 
 (1986) ("It can reasonably be assumed that * * *, because criminal proceedings are typically of short duration, such an order will likely evade review.");
 
 State ex rel. Dispatch Printing Co. v. Louden
 
 ,
 
 91 Ohio St.3d 61
 
 , 64,
 
 741 N.E.2d 517
 
 (2001) ("[A] closure order usually expires before an appellate court can consider it[.]");
 
 State ex rel. Dispatch Printing v. Geer
 
 ,
 
 114 Ohio St.3d 511
 
 ,
 
 2007-Ohio-4643
 
 ,
 
 873 N.E.2d 314
 
 , ¶ 11 (noting that an order prohibiting a newspaper from taking photographs of a juvenile's face during a plea hearing was, "[l]ike more typical orders [,] * * * too brief in its duration to be fully litigated before the plea hearing concluded.");
 
 State ex rel. Cincinnati Enquirer v. Ohio Dept. of Pub. Safety
 
 ,
 
 148 Ohio St.3d 433
 
 ,
 
 2016-Ohio-7987
 
 ,
 
 71 N.E.3d 258
 
 , ¶ 30 (noting that the "short duration of * * * criminal proceedings"-less than two months between the suspect's arrest and guilty plea-"truncated the Enquirer's ability to fully litigate its mandamus claim before us").
 

 {¶ 24} In the case at hand, it was a mere three weeks between the beginning of voir dire and the trial's end.
 

 {¶ 25} The second element is met because essentially every media company in Cincinnati is a petitioner in this case, and there is a "reasonable expectation" that a trial court will issue a substantially similar order restricting the activities of these media companies in a future high-profile criminal trial.
 
 See
 

 Bronson
 
 at ¶ 3-4, 7-8 (holding that there was "a reasonable expectation that the same complaining party will be subject to the same action again" where the judge had restricted a newspaper's access to the jury view of the crime scene in a high-profile murder trial);
 
 Ohio Dept. of Public Safety
 
 at ¶ 31 (holding that case was not moot because, "[w]ithout resolution of the questions at issue here, we can reasonably expect the Enquirer and other media outlets to continue to request dash-cam recordings and law-enforcement agencies to continue to withhold them.");
 
 Press-Ent.,
 

 478 U.S. at 6
 
 ,
 
 106 S.Ct. 2735
 
 ,
 
 92 L.Ed.2d 1
 
 (holding that case was not moot because "[i]t can reasonably be assumed that petitioner will be subjected to a similar closure order.").
 

 {¶ 26} For example, part of the relief sought in WCPO's petition was a writ prohibiting respondent from "forbidding
 WCPO from broadcasting, televising, photographing, or recording jurors or prospective jurors." Since the "filming, video-taping, recording or taking photographs of jurors" is prohibited "in any circumstance" by Hamilton County Court of Common Pleas Rule 30(F), there is, at the very least, a "reasonable expectation" that WCPO would again be prohibited from "broadcasting, televising, photographing, or recording jurors."
 
 See, e.g.
 
 ,
 
 Geer
 
 ,
 
 114 Ohio St.3d 511
 
 ,
 
 2007-Ohio-4643
 
 ,
 
 873 N.E.2d 314
 
 , at ¶ 12 (finding a "reasonable expectation that the judge will subject the Dispatch to comparable orders in the future" where the judge "maintain[ed] that his order 'was specifically authorized' by Sup.R. 12.").
 

 {¶ 27} Therefore, the exception to the mootness doctrine should be applied here, and this court should proceed to rule on the merits of the petition for a writ of prohibition because the issues are "capable of repetition, yet evading review."