[Cite as *State v. Kerns*, 2016-Ohio-63.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 15CA6 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| ZACHARY T. KERNS, | : | |
| Defendant-Appellant. | : | **RELEASED: 1/6/2016** |

<u>APPEARANCES</u>:

Richard L. Crosby III, Crosby & Post, Columbus, Ohio, for appellant.

Anneka P. Collins, Highland County Prosecuting Attorney, and James Roeder, Highland County Assistant Prosecuting Attorney, Hillsboro, Ohio, for appellee.

Harsha, J.

**{¶1}** After Zachary Kerns pleaded no contest to three charges of pandering sexually oriented matter involving a minor, the trial court convicted him and imposed a prison sentence.

**{¶2}** Now Kerns asserts that the trial court erred in denying his motion to suppress. He claims the search warrant was deficient because the affidavit supporting it relied on misleading and false statements and lacked probable cause to justify the search. We disagree. The affidavit was premised on a complaint by a citizen witness who had contacted Virginia law enforcement. A subsequent investigation by the Virginia police revealed that the complainant received an obscene digital image depicting an unclothed infant sitting on the genitals of a naked adult man; the image came from an account registered to Kerns and from a smart phone he owned. Information from an identified citizen witness is presumed reliable and supplied a basis for finding probable

cause to issue the search warrant.  Moreover, Kerns forfeited his argument about misleading and false statements because he failed to raise it in his motion to suppress. Finally, even if the warrant was defective, the officers' reliance on it was objectively reasonable so that the good-faith exception to the exclusionary rule applied.  Therefore, we reject Kerns's first assignment of error.

{¶3}   Next Kerns contends that the trial court failed to fully inform him that by pleading no contest he was waiving his constitutional right against self-incrimination. Kerns claims that the trial court's use of the phrase "cannot be forced to give evidence or to testify" did not strictly comply with the language of Crim.R. 11(C)(2)(c) that he "cannot be compelled to testify."  However, the trial court conveyed the requisite information that he was waiving his constitutional right against self-incrimination and did not have to provide a word-for-word recitation of the rule.  Therefore, we reject Kerns's second assignment of error and affirm the judgment of the trial court.

## I. FACTS

{¶4}   The Highland County Grand Jury returned an indictment charging Zachary Kerns with three counts of pandering sexually oriented matter involving a minor.  Kerns received appointed counsel and entered a plea of not guilty.

{¶5}   After the state provided discovery Kerns filed a motion to suppress evidence obtained under a search warrant and statements he made to the police. Kerns argued the search warrant was not based on probable cause because the police obtained it for his phone by relying on information "obtained from several subpoenas to trace correspondence to said phone, despite the nonexistence of the subject matter (a pornographic photograph allegedly sent to a minor in Hanover County)."

{¶6}    At the hearing on Kerns's motion, Sgt. Daniel Croy of the Highland County Sheriff's Office testified he received information from a detective with the Hanover County, Virginia Sheriff's Office about a complaint from a 16-year-old female who received a digital image on her phone from another phone. The Virginia police investigated the matter and traced the transmission back to an Android smart phone Kerns owned. Sgt. Croy then requested and reviewed the Virginia police's entire case file. From reviewing the information they had obtained during their investigation and his conversations with the Virginia police, Croy concluded that probable cause existed to obtain a warrant to search Kerns's phone.

{¶7}    Sgt. Croy prepared the following affidavit in support of a search warrant:

Det. Sgt. Daniel S. Croy, being first duly sworn and cautioned according to law, deposes and states as follows:

That affiant is a law enforcement officer with the Highland County Sheriff's Offic[e]. That affiant has been involved in law enforcement for the past 24 years. That affiant has been involved in numerous sex crime cases [throughout] affiant's career as part of his duties.

On April 29, 2014 a sixteen year old female from As[h]land, Virginia received a digital image involving a young infant who was completely un-clothed [sic]. This image also included a male fully un-clothed [sic] with his genitals exposed. The infant was sitting on the male[']s genitals. This digital image was sent to the victim from a KIK account. A Hanover County Sheriff's Office Investigator initiated a criminal case involving the obscenity photo the sixteen year old female described to him. This digital image was deleted from the young lad[y']s KIK account by her before she contacted law enforcement. A complete search through subp[o]ena[s] by the Hanover County Sheriff's Office revealed that the digi[tal] image was sent from anot[her] KIK account, which was registered to a Zachary T[.] Kerns of 300 Eastern Ave.[,] Leesburg, Ohio 45135. According to the records obtained by the Hanover County Sheriff's Office Investigator, the image was sent to the sixteen year old female from a[n] Android XT1080 Smart-phone [sic]. Upon further investigation by the Investigator [it] was found that the KIK account, e-mail address and phone belong to Zachary T[.] Kerns of 300 Eastern Ave.[,] Leesburg, Ohio 45135.

It is affiant's belief that if granted access into the Android XT1080 smart=phone [sic] belonging to Zachary T[.] Kerns evidence of these criminal offenses will be located.

{¶8}    The Hillsboro Municipal Court judge issued a warrant to search and seize Kerns's cellular telephone.  Sgt. Croy and a deputy sheriff executed the search warrant the next day at Kerns's residence.  They served Kerns with the search warrant and although he was not under arrest at the time, Sgt. Croy read him his *Miranda* rights.  Kerns waived those rights and talked.  Kerns admitted receiving a photograph of an infant sitting on an adult male's genitals and other child pornography that he sent to others from his smart phone.  The deputy sheriff who assisted Sgt. Croy in executing the search warrant testified that he did so based on the belief that the warrant was valid.

{¶9}    At the conclusion of the hearing the trial court denied Kerns's motion to suppress.  The trial court found that:  (1) issuance of the search warrant was supported by probable cause set forth in Sgt. Croy's affidavit; (2) even if the affidavit was defective, the officers executing the warrant had a reasonable good-faith belief that it was proper so that the exclusionary rule did not apply; and (3) Kerns's statements were not the result of a custodial interview, and in any event he made a knowing and voluntary waiver of his *Miranda* rights.

{¶10}  Kerns subsequently changed his plea from not guilty to no contest.  At a plea hearing the trial court engaged in a detailed colloquy with Kerns explaining the constitutional and nonconstitutional rights he was waiving by pleading no contest.  The trial court conducted the following exchange with Kerns:

THE COURT:  And under the Constitution, Mr. Kerns, you have a privilege against self-incrimination, which means you cannot be forced to give evidence or to testify in this matter at any time, including trial.  So, no one

can make you testify.  The Prosecutor can't make you testify; the Judge
can't make you testify.  It's up to you, and you alone.

If you decide not to testify, that decision cannot be used against you in any
way by any person.  No one can even comment about it, except in one
situation:  And that is, if there is a Jury Trial and you do not testify, the
Judge explains to the jury that because that's your Constitutional Right,
they cannot consider it for any purpose.  Do you understand that?

DEFEFDANT, ZACHARY KERNS:  Yes, sir.

* * *

THE COURT:  Then just to make it clear, your No Contest plea is going to
waive, or give up, your right to have a jury or court trial, because it will be
heard on the State's statement.

* * *

And, it waives, or gives up your privilege against self-incrimination,
because in this case, uh, you're admitting to the facts; and, that admission
is being used against you to find you guilty in part.

* * *

Do you understand that?

DEFENDANT, ZACHARY KERNS:  Yes, sir.

**{¶11}** After the state provided a statement of facts describing Kerns's

commission of the offenses, the trial court convicted Kerns of the three charges of

pandering sexually oriented material involving a minor[1] and sentenced him to prison.

## II. ASSIGNMENTS OF ERROR

**{¶12}** Kerns assigns the following errors for our review:

1. THE TRIAL COURT ERRED AS A MATTER OF LAW IN
   OVERRULING APPELLANT'S MOTION TO SUPPRESS WHERE
   THE SEARCH WARRANT WAS DEFICIENT BECAUSE THE

---

[1] Kerns was convicted of violating R.C. 2907.322(A)(5), which provides that "[n]o person, with knowledge of the character of the material or performance involved, shall * * * [k]nowingly solicit, receive, purchase, exchange, possess, or control any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality."

AFFIDAVIT UPON WHICH THE SEARCH WARRANT WAS BASED, LACKED SUFFICIENT EVIDENCE OF PROBABLE CAUSE TO JUSTIFY THE SEARCH AND RELIED ON MISLEADING/FALSE STATEMENTS.

2. AT THE TIME OF THE PLEA, THE ORIGINAL TRIAL COURT JUDGE DID NOT FULLY INFORM THE DEFENDANT OF HIS CONSTITUTIONAL RIGHT NOT TO BE COMPELLED TO TESTIFY AGAINST HIMSELF; DEFENDANT'S PLEA WAS OBTAINED IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION AS WELL AS CRIMINAL RULE 11(C).

### III. LAW AND ANALYSIS

#### A. Jurisdiction

{¶13} Kerns initially states that this court has "original jurisdiction" over his criminal prosecution through 18 U.S.C. 3231. Kerns is mistaken. Under this federal statute, the United States Congress conferred on federal district courts "original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." This federal statute is inapplicable to this case, which involves an appeal in a state court of appeals from a judgment entered in a state criminal prosecution.

{¶14} Instead, "Article IV, Section 3(B)(2) of the Ohio Constitution grants jurisdiction to courts of appeals 'to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the courts of appeals within the district.' " *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 10. We have jurisdiction over this appeal from a common pleas court within our district under Article IV, Section 3(B)(2) of the Ohio Constitution.

#### B. Motion to Suppress

### 1. Standard of Review

**{¶15}** Kerns asserts that the trial court erred as a matter of law in overruling his motion to suppress because the search warrant was deficient. "The review of a motion to suppress is a mixed question of law and fact." *State v. Castagnola*, __ Ohio St.3d __, 2015-Ohio-1565, __ N.E.2d __, ¶ 32, citing *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71. Because the trial court acts as the trier of fact in suppression hearings and is in the best position to resolve factual issues and evaluate the credibility of witnesses, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. *Burnside* at ¶ 8. Accepting these facts as true, we must then "independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *State v. Hobbs*, 133 Ohio St.3d 43, 2012-Ohio-3886, 975 N.E.2d 965, ¶ 8, citing *Burnside* at ¶ 8; *State v. Crocker*, 4th Dist. Scioto No. 14CA3640, 2015-Ohio-2528, ¶ 60.

### 2. Validity of Search Warrant

**{¶16}** "The Fourth Amendment to the United States Constitution and the Ohio Constitution, Article I, Section 14, prohibit unreasonable searches and seizures." *State v. Emerson*, 134 Ohio St.3d 191, 2012-Ohio-5047, 981 N.E.2d 787, ¶ 15. This constitutional guarantee is protected by the exclusionary rule, which mandates exclusion from trial of the evidence obtained from the unreasonable search and seizure. *Id.*

**{¶17}** Kerns argues that the affidavit for the search warrant of his cell phone lacked probable cause and relied on misleading and false statements. "The Supreme

Court of the United States has provided that in determining whether a search warrant was issued upon a proper showing of probable cause, reviewing courts must examine the totality of the circumstances." *State v. Jones*, 143 Ohio St.3d 266, 2015-Ohio-483, 37 N.E.3d 123, ¶ 13, citing *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

{¶18} To determine whether the affidavit submitted in support of a search warrant established probable cause, a magistrate must make a practical, common-sense decision based upon all the circumstances set forth in the affidavit, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, that there is a fair probability that contraband or evidence of a crime will be found in a particular place. *See State v. George*, 45 Ohio St.3d 325, 544 N.E.2d 640 (1989), paragraph one of the syllabus, quoting *Gates* at 238-239.

{¶19} The duty of a reviewing court is more limited—neither the trial court nor an appellate court should substitute its judgment for that of the magistrate by conducting a de novo determination. *George* at paragraph two of the syllabus. The duty of the reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed, after according great deference to the magistrate's determination and resolving doubtful or marginal cases in favor of upholding the warrant. *Id.*, following *Gates*; *see also Jones* at ¶ 13-14.

{¶20} Kerns claims that Sgt. Croy's affidavit did not supply probable cause because the complainant could not produce to the Virginia authorities an obscene photograph or a text conversation between her and Kerns. He contends that the

Highland County Sheriff's Office needed to corroborate the complainant's report for probable cause to exist. We are not persuaded.

{¶21} Courts have recognized three categories of informants: (1) citizen informants; (2) known informants (a criminal who has previously provided reliable tips); and (3) the identified citizen informant. *Maumee v. Weisner*, 87 Ohio St.3d 295, 300, 720 N.E.2d 507 (1999). "[I]dentified citizen informants are considered 'highly reliable and, therefore, a strong showing as to the other indicia of reliability may be unnecessary.' " *State v. Sebastian*, 4th Dist. Highland No. 08CA19, 2009-Ohio-3117, ¶ 22, quoting *State v. Wagner*, 4th Dist. Pickaway No. 99CA23, 2000 WL 245499, *3 (Feb. 29, 2000). " '[U]nless special circumstances exist which would indicate that an ordinary citizen has a motive to falsify his report of criminal activity, such information is presumed to be truthful and reliable.' " *Id.* at ¶ 22, quoting *State v. Willis*, 6th Dist. Wood No. WD-88-38, 1989 WL 90636, *3 (Aug. 11, 1989).

{¶22} Kerns does not contend that the sixteen-year-old girl who reported that she had received a pornographic digital image on her cell phone was anonymous. In fact, it appears from the evidence that she identified herself to the Virginia authorities when she made the complaint. And in response to Kerns's discovery demand, the state identified her as a potential witness in his trial. The state had to obtain this information from the Virginia authorities, who likewise must have identified her during their investigation. In addition, courts have been lenient in their assessment of the type and amount of information required to identify an informant as a citizen informant rather an anonymous informant. *See State v. Adkins*, 5th Dist. Licking No. 12-CA-90, 2013-Ohio-

2446, ¶ 19, citing *Weisner* at 300-301.   Therefore, it is apparent here that the complainant was an identified citizen informant.

**{¶23}** " 'Information coming from a citizen eyewitness is presumed credible and reliable, and supplies a basis for finding probable cause in compliance with *Gates*[, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527].' " *State v. Jordan*, 101 Ohio St.3d 216, 2004-Ohio-783, 804 N.E.2d 1, ¶ 39, quoting *State v. Garner*, 74 Ohio St.3d 49, 63, 656 N.E.2d 623 (1995).  There was no need for Sgt. Croy or the Virginia police to corroborate or independently verify that the 16-year-old witness had in fact received a digital image containing child pornography in order to justify the judge's finding of probable cause.  In addition, Sgt. Croy's affidavit was based on corroborating information revealed by the Virginia police investigation that a digital image was sent to the complainant's KIK account from a KIK account, e-mail address, and cell phone belonging to Kerns. Likewise, there is also no evidence that the complainant had a motive to falsify her report of criminal activity.

**{¶24}** Based on the totality of the circumstances set forth in Sgt. Croy's affidavit, the municipal court judge had a substantial basis for concluding that there was probable cause to believe that evidence of crimes could be found by searching and seizing Kerns's cell phone.

**{¶25}** Moreover, insofar as Kerns now claims that the statements in Sgt. Croy's affidavit were false and misleading, he did not raise this claim below and consequently forfeited our consideration of this new contention on appeal.  *See State v. Wangler*, 3d Dist. Allen No. 1-11-18, 2012-Ohio-4878, ¶ 27 (defendant waived new contention that

affidavit filed in support of search warrant contained knowingly false information by failing to raise it below).

**{¶26}** Finally, as the trial court determined, even assuming that the search warrant was deficient because it was issued without probable cause, the officers acted in objectively reasonable, good-faith reliance on it so that the exclusionary rule would not apply. *See George*, 45 Ohio St.3d 325, 544 N.E.2d 640, at paragraph three of the syllabus ("The Fourth Amendment exclusionary rule should not be applied so as to bar the use in the prosecution's case-in-chief of evidence obtained by officers acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause"). There is no evidence here that either of the executing officers should have known that the search warrant was illegal despite the judge's authorization. *Castagnola*, __ Ohio St.3d __, 2015-Ohio-1565, __ N.E.2d __, at ¶ 93.

**{¶27}** Because the municipal court judge properly concluded that probable cause of a crime existed to justify issuance of a search warrant of Kerns's cell phone, we overrule Kerns's first assignment of error.

### C. Validity of No-Contest Plea

#### 1. Crim.R. 11(C) the Standard of Review

**{¶28}** In his second assignment of error Kerns contends that the trial court erred in accepting his no-contest plea because the court did not properly inform him that he was waiving his constitutional right against self-incrimination.

**{¶29}** " 'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders

enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.' " *State v. Veney*, 120 Ohio St.3d 176, 2008–Ohio–5200, 897 N.E.2d 621, ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). "Crim.R. 11(C) governs the process that a trial court must use before accepting a felony plea of guilty or no contest." *Veney* at ¶ 8. Before accepting a guilty plea in a felony case a trial court must address the defendant personally and determine that "the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing." Crim.R. 11(C)(2)(a). The court must also inform the defendant of both the constitutional and nonconstitutional rights he is waiving and determine that he "understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence." Crim.R. 11(C)(2)(b). Finally, the court must determine that the defendant understands that he "is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." Crim.R. 11(C)(2)(c).

{¶30} "An appellate court determining whether a guilty [or no-contest] plea was entered knowingly, intelligently, and voluntarily conducts a de novo review of the record to ensure that the trial court complied with the constitutional and procedural safeguards." *State v. Moore*, 4th Dist. Adams No. 13CA965, 2014–Ohio–3024, ¶ 13.

2.   Constitutional Right Against Self-Incrimination

**{¶31}**  Kerns contends that the trial court erred by failing to fully inform him that by pleading no contest he was waiving his constitutional right to not be compelled to testify against himself.  Kerns claims that the trial court's use of the phrase "cannot be forced to give evidence or to testify" did not strictly comply with the language of Crim.R. 11(C)(2)(c) that states he "cannot be compelled to testify."

**{¶32}**  "A trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives [the specified constitutional rights, including] the privilege against self-incrimination."  *Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, at syllabus.  Under Crim.R. 11(C)(2)(c), the trial court must inform the defendant that by pleading no contest or guilty, the defendant is waiving the right "to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which *the defendant cannot be compelled to testify against himself or herself*."  (Emphasis added.)

**{¶33}**  Nevertheless, "[f]ailure to use the exact language contained in Crim.R. 11(C), in informing a criminal defendant of his constitutional rights related to such trial, including the right to trial by jury, is not grounds for vacating a plea as long as the record shows that the trial court explained these rights in a manner reasonably intelligible to that defendant."  *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981), paragraph two of the syllabus.  Therefore, "a trial court can still convey the requisite information on constitutional rights to the defendant even when the court does not provide a word-for-word recitation of the criminal rule, so long as the trial court actually explains the rights

to the defendant." *Veney* at ¶ 27. In other words, strict compliance does not mean literal compliance.

**{¶34}** Essentially, Kerns claims that the trial court's substitution of "forced" for "compelled" invalidated his no-contest plea. We disagree. Courts interpret undefined words or phrases in court rules in context and according to rules of grammar and common usage. *State ex rel. Vindicator Printing Co. v. Wolff*, 132 Ohio St.3d 481, 2012-Ohio-3328, 974 N.E.2d 89, ¶ 26. The word "compel" has been defined to mean "[t]o cause or bring about by force, threats, or overwhelming pressure" and "to force or constrain, as to do something." *See Black's Law Dictionary* 300 (8th Ed.2004); *Webster's Third New World Dictionary* 284 (3d College Ed.1988). To a reasonably intelligible person, the words "compelled" and "forced" are synonymous.

**{¶35}** Therefore, the trial court strictly complied with Crim.R. 11(C)(2)(c) by informing Kerns in a reasonably intelligible manner that by pleading no contest to the charges, he was waiving his constitutional privilege against self-incrimination. The appellate court in *State v. Mardaris*, 150 Ohio App.3d 211, 2004-Ohio-653, 805 N.E.2d 150, ¶ 4-5 (1st Dist.), reached a similar conclusion by rejecting a comparable argument by a defendant who challenged the validity of his no-contest plea based on an alleged failure to properly advise him of his constitutional right against self-incrimination:

> {¶ 4} Relying on the Eleventh Appellate District's decision in *State v. Singh* (2000), 141 Ohio App.3d 137, 750 N.E.2d 598, Madaris argues in this case that the trial court's explanation did not adequately apprise him of his constitutional right against self-incrimination. In *Singh*, the court told the defendant, "You could testify but you need not testify if you desire not to; do you understand that?" *Id.* at 142, 750 N.E.2d 598. The court of appeals held that this statement failed to articulate that the defendant could not be compelled to testify against himself. *See id.* at 143, 750 N.E.2d 598.

{¶ 5} Here, the trial court's use of the phrase "made to testify" effectively conveyed the meaning of "compelled to testify," as specified in Crim.R. 11(C)(2)(c). We are persuaded that the trial court's choice of words was more understandable for one with a limited education. Madaris also signed a written plea form that contained a statement of each of his *Boykin* [*v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)] rights. When the trial court personally addressed him, Madaris acknowledged that he had read the plea form, discussed it with his attorney, and understood the contents. The transcript of the proceedings at the plea hearing leaves no doubt that the trial court meaningfully informed Madaris, in a manner reasonably intelligible to him, that he was waiving his *Boykin* rights by pleading no contest. Madaris knowingly, intelligently, and understandingly waived these rights.

**{¶36}** The trial court strictly complied with Crim.R. 11(C) in advising Kerns that he was waiving his constitutional rights, including the right against self-incrimination. The trial court correctly determined that Kerns's no-contest plea was entered knowingly, intelligently, and voluntarily. We overrule Kerns's second assignment of error.

## IV. CONCLUSION

**{¶37}** Because Kerns has not established that the trial court committed any prejudicial error in denying his motion to suppress and accepting his no-contest plea, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, P.J. & Abele, J.:  Concur in Judgment and Opinion.

For the Court

BY: _____
      William H. Harsha, Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**