[Cite as *State ex rel. Armengau v. French*, 2017-Ohio-373.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Javier H. Armengau, | : | |
| Relator, | : | No. 16AP-357 |
| v. | : | (REGULAR CALENDAR) |
| Judge Jenifer A. French, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on January 31, 2017

*Javier H. Armengau,* pro se.

*Ron O'Brien,* Prosecuting Attorney, and *Jason S. Wagner,* for respondent.

IN MANDAMUS AND PROHIBITION
ON RESPONDENT'S MOTION TO DISMISS

BRUNNER, J.

{¶ 1} Relator, Javier H. Armengau, filed this original action requesting a writ of mandamus ordering respondent, the Honorable Jenifer A. French, judge of the Franklin County Court of Common Pleas, to unseal his pleadings that she ordered sealed in his underlying criminal case, and a writ of prohibition to prohibit Judge French from sealing any future pleadings and records in his case. Judge French filed a motion to dismiss for failure to state a claim on which relief can be granted, pursuant to Civ.R. 12(B)(6), arguing that Armengau had an adequate remedy at law by way of appealing her order sealing the documents.

{¶ 2} We referred this matter to a magistrate of this Court pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending that this Court grant Judge French's motion and dismiss Armengau's original action for the reason that Armengau has an adequate remedy at law and thus cannot demonstrate entitlement to either a writ of mandamus or prohibition. We agree.

## I.  FACTS AND PROCEDURAL BACKGROUND

{¶ 3} Armengau is an inmate incarcerated at Allen Oakwood Correctional Institution, having been convicted of one count of public indecency, two counts of gross sexual imposition, one count of rape with a sexually violent predator specification, one count of kidnapping, and four counts of sexual battery.

{¶ 4} According to Armengau's complaint, he served a public records request on the Franklin County Prosecutor's Office and the Ohio Attorney General's Office requesting e-mails and other documents pertaining to him and his prosecution. The prosecutor's office complied with the request, in part, asserting that part of the request was overly broad, and the attorney general's office denied the request. Armengau filed a motion in the trial court, seeking a determination of his entitlement to receive the public records he sought. The state filed a memorandum contra requesting that Armengau's pleadings be sealed. Judge French, in her capacity as the trial court judge, issued an order sealing the records.

{¶ 5} On May 10, 2016, Armengau filed this original action, seeking writs of mandamus and prohibition. On June 9, 2016, Judge French filed a motion to dismiss pursuant to Civ.R. 12(B)(6), arguing that Armengau had an adequate remedy at law by way of appealing her order sealing the documents. On June 24, 2016, Armengau filed a memorandum contra. On July 1, 2016, Judge French filed a reply to Armengau's memorandum contra.

{¶ 6} The magistrate, after examining the record and reviewing the relevant law, issued a decision granting Judge French's motion and dismissing Armengau's original action.

## II. OBJECTION TO MAGISTRATE'S DECISION

{¶ 7} On August 16, 2016, Armengau, acting pro se, filed objections to magistrate decision rendered July 20, 2016. Having independently reviewed Armengau's objections,

we agree with Judge French's argument that Armengau's objections to the magistrate's decision are not specific and do not state with particularity the grounds for his objections and thus fail to satisfy the requirements of Civ.R. 53(D)(3)(b)(ii).

## III.  LAW AND DISCUSSION

{¶ 8}   The magistrate's decision correctly states the proposition of law that "[a] motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint.  *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992).  In reviewing the complaint, the court must take all the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party.  *Id.*"  (App'x at ¶ 31.)

{¶ 9}   In order for a court to dismiss a complaint for failure to state a claim on which relief can be granted, it must appear beyond doubt from the complaint that relator can prove no set of facts entitling him to recovery.  *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975).  A complaint for writ of mandamus is not subject to dismissal under Civ.R. 12(B)(6) if the complaint alleges the existence of a legal duty by the respondent and the lack of an adequate remedy at law for relator with sufficient particularity to put the respondent on notice of the substance of the claim being asserted against it, and it appears that relator might prove some set of facts entitling him to relief. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.*, 72 Ohio St.3d 94 (1995).

{¶ 10} A writ of mandamus is an extraordinary judicial writ that will issue in this case only if Armengau establishes that: (1) he has a clear legal right to the relief prayed for; (2) Judge French is under a clear legal duty to perform the act requested; and (3) he has no plain and adequate remedy in the ordinary course of law.  *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 11} A writ of prohibition also is an extraordinary judicial writ, the purpose of which is to restrain inferior courts and tribunals from exceeding their jurisdiction.  *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70 (1998).  A writ of prohibition is issued only in cases of necessity arising from the inadequacy of other remedies.  *Id.*  In order to be entitled to a writ of prohibition, Armengau must establish that: (1) Judge French is about to exercise judicial or quasi-judicial powers; (2) the exercise of that power is unauthorized by law; and (3) the denial of the writ will cause injury for which no other adequate remedy

in the ordinary course of law exists. *State ex rel. Henry v. McMonagle*, 87 Ohio St.3d 543 (2000).

{¶ 12} Armengau asks this Court to order Judge French to unseal the court records in his criminal case and to prevent Judge French from sealing any future pleadings or records in that case. Judge French argues in her motion to dismiss that Armengau is not entitled to either writ because he has an adequate remedy at law by way of appealing her order.

{¶ 13} The magistrate found that Armengau has or had an adequate remedy at law by way of appealing Judge French's denial of the motion to unseal the records and thus is not entitled to the requested writ of mandamus.

{¶ 14} Moreover, as the magistrate discusses, Judge French's decision to seal the records in Armengau's underlying case is a discretionary act, and neither mandamus nor prohibition can be used to control the trial court judge's actions. The magistrate concluded that "[j]ust as [Armengau] is not entitled to a writ of mandamus to compel [Judge French] to unseal the documents, [Armengau] is likewise not entitled to a writ of prohibition ordering [Judge French] to refrain from sealing any documents in the future." (App'x at ¶ 41.)

{¶ 15} Because Armengau has an adequate remedy at law by way of appeal, the magistrate correctly found that Armengau cannot demonstrate entitlement to either a writ of mandamus or a writ of prohibition, and, therefore, this Court should grant Judge French's motion and dismiss Armengau's original action. Had Armengau appealed Judge French's decision we would have been able to examine whether her decision to seal records constituted an abuse of discretion. However, that is not a subject for inquiry on a special writ. Moreover, had Armengau appealed and prevailed, this Court's decision would have served to guide the trial judge in future decisions involving the sealing of court records involving Armengau. But having presented his grievances to us in the actions he did, we have no basis on which to grant Armengau relief. The magistrate's decision was appropriate and correct, and we cannot sustain Armengau's objections to it.

## IV. CONCLUSION

{¶ 16} Finding no error of law or other defect on the face of the magistrate's decision, this Court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law. In accordance with the magistrate's decision, we grant Judge

French's motion to dismiss for failure to state a claim, pursuant to Civ.R. 12(B)(6), and dismiss Armengau's original action.

*Motion to dismiss granted;*
*complaint for writ of mandamus and writ of prohibition dismissed.*

**KLATT and LUPER SCHUSTER, JJ., concur.**
_____

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Javier H. Armengau, | : | |
| Relator, | : | |
| v. | : | No.  16AP-357 |
| Judge Jennifer A. French, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on July 20, 2016

*Javier H. Armengau,* pro se.

*Ron O'Brien,* Prosecuting Attorney, and *Jason S. Wagner,* for respondent.

IN MANDAMUS AND PROHIBITION
ON RESPONDENT'S MOTION TO DISMISS

{¶ 17} Relator, Javier H. Armengau, filed this original action requesting this court issue a writ of mandamus ordering respondent, the Honorable Jennifer A. French, judge of the Franklin County Court of Common Pleas, to unseal documents and pleadings she ordered sealed in relator's criminal case, and a writ of prohibition to prevent respondent from sealing any future documents.

Findings of Fact:

{¶ 18} 1. Relator is an inmate currently incarcerated at Allen Oakwood Correctional Institution.

{¶ 19} 2. On July 7, 2014, relator was convicted of one count of public indecency, two counts of gross sexual imposition, one count of rape with a sexually violent predator specification, one count of kidnapping, and four counts of sexual battery.

{¶ 20} 3. According to his complaint, relator served a public records request on the Franklin County Prosecutor's Office and the Ohio Attorney General's office requesting e-mails and other documents pertaining to him and his prosecution.

{¶ 21} 4. The Franklin County Prosecutor's Office complied with the request, in part, asserting that part of the request was overly broad.  The Attorney General's office denied the request.

{¶ 22} 5. According to his complaint, on March 2, 2016, relator filed a motion in the trial court seeking a determination of his entitlement to the receive the public records he sought from the offices of the Franklin County Prosecutor and Ohio Attorney General.

{¶ 23} 6. On April 15, 2016, the state filed a memorandum contra requesting that relator's pleadings be sealed.

{¶ 24} 7. On April 22, 2016, the trial court issued an order sealing those records.

{¶ 25} 8. Thereafter, relator filed the instant original action in this court seeking writs of mandamus and prohibition on May 10, 2016.

{¶ 26} 9. On June 9, 2016, respondent filed a motion to dismiss specifically arguing that relator had an adequate remedy at law by way of appealing respondent's order sealing the documents.

{¶ 27} 10. On June 24, 2016, relator filed a memorandum contra in which he spends a considerable amount of time rearguing the facts of his underlying criminal case and explaining how he has been wrongfully convicted.

{¶ 28} 11. On July 1, 2016, respondent filed a reply to relator's memorandum contra.

{¶ 29} 12. The matter is currently before the magistrate on respondent's motion to dismiss.

Conclusions of Law:

{¶ 30} For the reasons that follow, it is this magistrate's decision that this court should grant respondent's motion and dismiss relator's original action.

{¶ 31} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992). In reviewing the complaint, the court must take all the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party. *Id.*

{¶ 32} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that relator can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242 (1975). As such, a complaint for writ of mandamus is not subject to dismissal under Civ.R. 12(B)(6) if the complaint alleges the existence of a legal duty by the respondent and the lack of an adequate remedy at law for relator with sufficient particularity to put the respondent on notice of the substance of the claim being asserted against it, and it appears that relator might prove some set of facts entitling him to relief. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.*, 72 Ohio St.3d 94 (1995). For the following reasons, respondent's motion should be granted and relator's complaint should be dismissed.

{¶ 33} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 34} A writ of prohibition is an extraordinary judicial writ, the purpose of which is to restrain inferior courts and tribunals from exceeding their jurisdiction. *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70 (1998). A writ of prohibition is customarily granted with caution and restraint, and is issued only in cases of necessity arising from the inadequacy of other remedies. *Id.* In order to be entitled to a writ of prohibition, relator must establish that: (1) respondent is about to exercise judicial or quasi-judicial powers; (2) the exercise of the power is unauthorized by law; and (3) the denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists. *State ex rel. Henry v. McMonagle*, 87 Ohio St.3d 543 (2000).

{¶ 35} Relator asks this court to order respondent to unseal the court records in his criminal case and to prevent respondent from sealing any records in the future. As respondent argues in her motion to dismiss, relator has an adequate remedy at law by way of appeal.

{¶ 36} In *State ex rel. Village of Richfield v. Laria,* 138 Ohio St.3d 168, 2014-Ohio-243, the trial court judge ordered that certain records be sealed. The Village of Richfield ("Richfield") filed a mandamus action asking the Supreme Court to compel the presiding judge and the clerk of court to produce the records it maintained were public pursuant to R.C. 149.43. Richfield argued that the court records had been improperly sealed.

{¶ 37} The court refused to issue a writ of mandamus reasoning that Richfield had an adequate remedy at law: it could have appealed the judge's denial of the motion to unseal the records and, as such, Richfield could not prove that it was entitled to a writ of mandamus.

{¶ 38} Just as Richfield asserted that it had a legal right to the documents through a public records request under R.C. 149.43, relator likewise makes the same argument. However, the court in *Richfield* explained:

> A threshold issue is whether Richfield brought the case under the proper law. Richfield invokes R.C. 149.43, the Public Records Act, rather than Sup.R. 44 through 47, to obtain court records. We amended the Rules of Superintendence by adopting Rules 44 through 47, effective July 1, 2009. Sup.R. 99(KK). Sup.R. 44 through 47 deal specifically with the procedures regulating public access to court records and are the sole vehicle for obtaining such records in actions commenced after July 1, 2009. Sup.R. 47(A)(1); *see also State ex rel. Vindicator Printing Co. v. Wolff,* 132 Ohio St.3d 481, 2012-Ohio-3328, 974 N.E.2d 89, ¶ 23. We deny the writ first because Richfield requested the records under the Public Records Act rather than the Rules of Superintendence.

*Id.* at ¶ 8.

{¶ 39} The *Richfield* court went on to state that, even if the Richfield had requested the documents under Sup.R. 44 through 47, it could not establish the lack of an adequate remedy at law because it still could not establish the lack of an adequate remedy of law by way of appeal.

{¶ 40} In the present case, relator likewise relies solely on R.C. 149.43 as the authority giving him the legal right to the relief requested. However, just as the court in *Richfield* explained, relator has an adequate remedy at law by way of appeal and, as such, is not entitled to the requested writ of mandamus.

{¶ 41} Likewise, the trial court's decision to seal the records in his underlying case is a discretionary act and neither writ of mandamus nor writ of prohibition can be used to control the trial court judge's actions. Just as relator is not entitled to a writ of mandamus to compel respondent to unseal the documents, relator is likewise not entitled to a writ of prohibition to order respondent to refrain from sealing any documents in the future.

{¶ 42} Because relator has an adequate remedy at law by way of appeal, it is this magistrate's decision that relator cannot demonstrate entitlement to either a writ of mandamus or prohibition and, as such, this court should grant respondent's motion, and dismiss relator's original action.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).